STAPLETON, Circuit Judge,
concurring:-
I join the opinion and judgment of the Court. I write only to note additional facts that, for me, provide additional support for the conclusion we reach.
Quoting from the Act’s statement of its purpose, the AG summarized his position regarding the good cause issue as follows:
[Notice and comment] would thwart the legislative objective of “proteet[ing] the public from sex offenders and offenders against children” by establishing “a comprehensive national system for the registration of those offenders,” SORNA § 102, because a substantial class of sex offenders could evade the Act’s registration requirements and enforcement mechanisms during the pendency of a proposed rule and delay in the effectiveness of a final rule.
Interim Rule, 72 Fed.Reg. at 8896-97 (citing 5 U.S.C. § 653(b)(B)).
When SORNA was adopted, all 50 states had registration requirements for sex offenders with criminal penalties for non-compliance, and Congress had made the failure of sex offenders to register in accordance with state law a federal offense, albeit one with lesser penalties than SORNA. 42 U.S.C. § 14071. The purpose of SORNA was to make existing law more efficient by creating “a comprehensive national system” of registration. Both Congress and the AG realized that the creation of such a system would take a substantial period of time. As of the date the Interim Rule was adopted, no state had implemented SORNA, and the Act gave states up to three years to do so. 42 U.S.C. § 16924. The AG provides no explanation for how on February 28, 2007, a thirty day period for comment would have posed the kind of imminent and serious harm that would support a finding of good cause.
In short, I agree with the Ninth Circuit in United States v. Valverde, 628 F.3d 1159, 1168 (9th Cir.2010) (footnote omitted):
“The issue is not whether sex offenders should register, but rather whether the addition of one more layer of federal protection atop a substantial quilt of existing state and federal laws merited emergency treatment.” See Dean, 604 F.3d at 1283 (Wilson, J. concurring). Judge Wilson convincingly reasoned that “the existence of stringent state and federal criminal sanctions on the books at the time the [interim] regulation was promulgated obviated the case for an emergency.” Id. (footnote omitted). The Attorney General provided no reason why, in view of the existing statutory regime that already imposed registration requirements on pre-SORNA sex offenders, it was necessary for the interim rule to be made effective immediately, without providing any opportunity for notice and comment.
As a result, the AG has failed to carry his burden of proving good cause.